IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL RICHARD PAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYANT HERMAN et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10-CV-684 DB<br><br>District Judge Dee Benson |

Plaintiff, Paul Richard Payne, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2012).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id*. § 1915.  Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (doc. no. 25).

ANALYSIS

I. Introduction

Plaintiff's Amended Complaint (doc. no. 11) names as defendants six Utah State Prison officials (and several "John Does") and asserts three claims under 42 U.S.C. § 1983.  Plaintiff's first claim alleges that Defendant Herman subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment by making false statements about Plaintiff being a "snitch," thereby placing Plaintiff in jeopardy of harm from other inmates.  Plaintiff's second claim alleges denial of due process stemming from disciplinary sanctions imposed against him for passing items between cells  ("fishing") in violation of prison rules.  Plaintiff's third claim

alleges denial of due process regarding the imposition of ten days punitive isolation against Plaintiff for a flooding incident. Plaintiff seeks injunctive relief, compensatory and punitive damages, costs and "other judicious relief."

Each of the defendants, with the exception of Defendant Herman,[1] move to dismiss the claims against them asserting that Plaintiff's Amended Complaint fails to state a plausible claim for relief. Defendants assert that Plaintiff either lacks any cognizable due process rights or else was afforded the process due to him. The supervisory defendants also assert that Plaintiff's claims against them rely upon a *respondeat superior* theory of liability which is not cognizable under Section 1983.

## II. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In other words, the complaint

---

[1] The present motion to dismiss does not address the Eighth Amendment claim against Defendant Herman, who has filed an Answer (doc. no. 24) and stated his intention to file a separate motion to dismiss at a later time. Thus, any reference to "Defendants" in this order does not include Defendant Herman.

must include "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

### III. Motion to Dismiss

#### A. Legal Standard for Due Process Claims

The Fourteenth Amendment's procedural due process guarantee "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that

decision." *Kirkland v. St. Vrain Valley Sch. Dist.*, 464 F.3d 1182, 1189 (10th Cir. 2006). To state a procedural due process claim a plaintiff must allege: (1) that he has a constitutionally protected liberty or property interest that has been interfered with by the state; and, (2) that he was not afforded an appropriate level of process. *Couture v. Board of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008). The Supreme Court has recognized that in the prison context "states may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483, 115 S. Ct. 2293, 2300 (1995). However, "a deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (quoting *Sandin*, 515 U.S. at 484).

The Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a Defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). Only when a disciplinary proceeding threatens a constitutionally protected liberty interest is a prisoner guaranteed due process under the Federal Constitution. *Id*. And, even where protected liberty interests are implicated, prisoners are only entitled to "the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (quotation marks and citations omitted.) These minimal safeguards require that a prisoner receive advance written notice of the charges against him, the right to call witnesses

and present evidence in his own defense *if doing so does not jeopardize institutional safety or correctional goals*, and a written statement indicating the evidence relied on and the reasons supporting the disciplinary action." *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at *2 (10th Cir. Oct. 30, 2000) (Emphasis added). Although prison rules may include additional procedural guidelines for disciplinary hearings, an inmate cannot rely upon those rules to state a due process claim under the Federal Constitution because "state procedures do not define what is required under federal due process." *Glatz v. Kort*, 807 F.2d 1514, 1517 n. 4 (10th Cir. 1986).

Finally, it is well settled that Section 1983 does not create a cause of action for denial of property without due process where an alternative state remedy provides due process. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984). Thus, in a § 1983 action for damages caused by the unauthorized or random deprivation of property without procedural due process, the plaintiff has the burden of pleading and proving that state processes, including state damage remedies, are inadequate to redress the claimed wrong. *See Gillihan v. Shillenger*, 872 F.2d 935, 940 (10th Cir. 1989); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

### B. Sufficiency of Count Two

Count Two of Plaintiff's Amended Complaint alleges that Captain Herman and Deputy Warden Blake Nielsen held an Offender Management Review hearing (OMR) with Payne and imposed disciplinary sanctions against him for "fishing" (passing food items between cells using a string). Plaintiff asserts that he was denied due process during this hearing because he was not allowed to present evidence or call witnesses, nor was he given a written account of the findings. Plaintiff states that the sanctions included loss of his "shoe contract" which allowed him to have

special shoes, confiscation of his special shoes without compensation, and loss of other privileges including commissary, phone access, and regular meals. Plaintiff also vaguely asserts that the sanctions were imposed in retaliation for his filing lawsuits, grievances and complaints with government agencies and the media. Finally, Plaintiff states that he appealed this action to Defendant Tom Anderson who rejected the appeal in violation of Plaintiff's First Amendment right to petition the government for redress.

Plaintiff's allegations in Count Two are not sufficient to state a plausible claim for relief under Section 1983. First, aside from the taking of Plaintiff's shoes without compensation, Plaintiff has not alleged that Defendants deprived him of any constitutionally protected liberty or property interest through the challenged OMR proceeding. Instead, each of the deprivations Plaintiff alleges involve mere inconveniences which are ordinary incidents of prison life. Plaintiff cannot state a viable due process claim based on the denial of special shoes, commissary and phone privileges or special meals. As other courts have recognized, where a prison deprivation does not implicate protected liberty or property interests "the state is free to use any procedures it chooses, or no procedures at all" when restricting them. *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

Regarding the failure to return Plaintiff's shoes or provide him compensation, Plaintiff does not allege specific facts showing what happened to the shoes after they were taken from him.[2] It appears that the shoes were either thrown out or somehow lost in the property

---

[2] In the "Injury" section of his Amended Complaint Plaintiff states that the shoes were "stolen," although he provides no facts to support this conclusory assertion. (Am. Compl. at 12.) Regardless, such a loss would amount to an unauthorized intentional deprivation of property for

6

disposition process. However, Plaintiff cannot make out a due process claim based on the unauthorized or random deprivation of property without alleging that state post-deprivation processes, including state damage remedies, are inadequate to redress his loss. *See Gillihan v. Shillenger*, 872 F.2d 935, 940 (10th Cir. 1989). Plaintiff has not made such a showing here.

Finally, even assuming that Plaintiff could show a constitutionally cognizable liberty or property interest, he has not alleged specific facts showing that he was denied minimal due process in the OMR hearing. Plaintiff does not deny receiving prior notice of the hearing. Although Plaintiff states that he was not allowed to present evidence or call witnesses, he does not allege facts showing that prison officials could have allowed him to do so in an OMR setting without jeopardizing institutional safety or correctional goals. Moreover, although Plaintiff denies receiving "a written account of the findings" such records are not required for an informal management review hearing.

Thus, the Court concludes that Plaintiff's allegations in Count Two of the Amended Complaint are insufficient to state a plausible claim for relief.

## B. Sufficiency of Count Three

Count Three of Plaintiff's Amended Complaint alleges that Defendant Brown denied Plaintiff due process in a disciplinary hearing by not allowing Plaintiff to present evidence or call witnesses. The disciplinary hearing stemmed from an incident in which the shower Plaintiff was using overflowed. Plaintiff was found guilty of intentionally causing the flooding and sentenced to ten days punitive isolation. Plaintiff asserts that he was denied due process because

---

which state processes provide a remedy.

Defendant Brown refused to speak to Plaintiff's witnesses, including other guards and inmates who allegedly had exculpatory information regarding the incident. Plaintiff also asserts that Defendant Anderson denied Plaintiff due process by refusing to hear Plaintiff's disciplinary appeal. Finally, Plaintiff alleges that Defendants' actions were retaliation for filing grievances.

Once again, Plaintiff's allegations are not sufficient to state a plausible due process claim. Although this claim involves a formal disciplinary hearing resulting in punitive isolation, which does create a cognizable liberty interest, Plaintiff's allegations do not support the conclusion that he was denied minimal due process. Plaintiff does not deny receiving prior notice of the hearing on this matter or written notice of the findings. In addition, Plaintiff admits that he was present at the hearing and was allowed to offer testimony and present some evidence in his defense. Plaintiff's assertion that Defendant Brown should have investigated the matter more thoroughly, or spoken to each of Plaintiff's proposed witnesses, does not show a denial of due process. While Plaintiff undoubtedly would have preferred a full criminal trial-like proceeding, such elaborate procedures are not required in the prison disciplinary setting. Moreover, although Plaintiff asserts that significant exculpatory evidence was available, he does not deny that there was also "some evidence" to support the guilty finding, which is all that was required here. *See Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-57, 105 S. Ct. 2768 (1985).

Plaintiff's conclusory allegation of retaliation is also insufficient to state a claim for relief. To state a plausible retaliation claim Plaintiff must allege facts showing: "(1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury

that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Howards v. McLaughlin*, 634 F.3d 1131, 1144 (10th Cir. 2011) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir.2009))(further citations and quotations omitted). Although Plaintiff vaguely alleges that the disciplinary action was retaliation for filing grievances and lawsuits he does not allege any facts showing that "'but for' the retaliatory motive . . . the disciplinary action would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)(quoting *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990.)).

Thus, the Court concludes that Count Three of Plaintiff's Amended Complaint fails to state a claim on which relief can be granted.

### IV. Motion to Appoint Counsel

Plaintiff requests appointment of "stand-by" counsel to assist him with this case. Plaintiff asserts that appointed counsel is warranted based on his limited legal expertise, lack of access to a law library and the limited assistance provided from the prison contract attorneys.

It is well established that plaintiffs in civil cases do not have a constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, a district court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (West 2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding

whether to appoint counsel, the court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Weighing the above factors, the court concludes that appointed counsel is not warranted. At this point the only claim remaining in this case is Plaintiff's Eighth Amendment claim against Defendant Herman. It does not appear that the legal or factual issues related to that claim are especially complex or that Plaintiff is unable to adequately pursue this claim on his own. In fact, Plaintiff's extensive litigation history shows that he is capable of doing so. Plaintiff's motion for appointed counsel is denied.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Dismiss (doc. no. 25) is **GRANTED**; and,

(2) Plaintiff's Motion to Appoint Counsel (doc. no. 32) is **DENIED**.

Dated this 12th day of September, 2012.

BY THE COURT:

_____
DEE BENSON

United States District Judge